NOT RECOMMENDED FOR PUBLICATION
File Name: 20a0135n.06
No. 19-3590

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

**FILED**
Mar 09, 2020
DEBORAH S. HUNT, Clerk

|  |  |  |
|---|---|---|
| JOHN W. SHERIDAN, | ) | |
| *Plaintiff-Appellant*, | ) | |
| | ) | |
| v. | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| COLUMBIA LOCAL SCHOOL DISTRICT | ) | STATES DISTRICT COURT FOR |
| BOARD OF EDUCATION, | ) | THE NORTHERN DISTRICT OF |
| | ) | OHIO |
| *Defendant-Appellee*. | ) | |

Before: **BATCHELDER, STRANCH, and NALBANDIAN, Circuit Judges.**

**ALICE M. BATCHELDER, Circuit Judge.** John Sheridan, a high school teacher, sued the Columbia Local School District Board of Education (Board), alleging defamation and a violation of his First Amendment and Due Process rights. The district court granted the Board's motion for summary judgment on all claims. Sheridan appeals, challenging only the dismissal of his First Amendment claim.

Sheridan sued after the Board issued him a reprimand letter in response to a written complaint from Suzanne Neff, the high school's guidance counselor. According to Neff's complaint, Sheridan emailed Neff inquiring about a student's absence; Neff responded that the absence was due to the student's reported medical condition. Sheridan subsequently told the student's parents that Neff lied to protect their child. When Neff asked Sheridan about the allegation, he yelled at her, accusing her of lying about the student's condition. Neff walked away, but Sheridan followed her to her office where he continued to scream at her, as well as her assistant and a school nurse.

The school district's superintendent conducted an investigation, interviewing all relevant witnesses. The investigation led the superintendent to issue Sheridan a reprimand letter for his inappropriate and unprofessional conduct. Because of conflicting accounts about Sheridan's behavior during the conversation with the student's parents, the reprimand letter referenced only the in-person confrontation between Sheridan and Neff.[1]

In his mostly incoherent brief, Sheridan says that the reprimand letter violates his First Amendment free-speech rights and argues that the Board retaliated against him for "whistleblowing" on Neff. In accordance with the applicable summary-judgment standard, the district court reviewed all evidence, facts, and inferences in the light most favorable to Sheridan. Nonetheless, the district court held that Sheridan produced insufficient evidence to defeat the Board's motion and explained the numerous deficiencies of his claim. First, the Board reprimanded Sheridan for verbally accosting his coworkers; the letter is not concerned with the content of his speech. Second, even if the letter were concerned with the *what* instead of the *how*, Sheridan's comments were made pursuant to his official duties as a high school teacher. He therefore has no First Amendment claim based on the Board's reaction. Third, Sheridan does not qualify as a whistleblower under state or federal law. And fourth, Sheridan fails to support a cause of action against the Board as he alleges neither an injury necessary to support a constitutional claim nor an injury caused by an official policy, custom, or practice.

After carefully reviewing the record, the applicable law, and the parties' briefs, we are convinced that the district court did not err in dismissing Sheridan's First Amendment claim. As

---

[1] The superintendent originally issued a letter reprimanding Sheridan for both the confrontation with Neff and the conversation with the student's parents. But the Board never informed Sheridan that the initial investigation could result in disciplinary action, which was inconsistent with the notice requirements imposed by the school district's collective bargaining agreement. So the Board removed the initial reprimand letter from Sheridan's file and conducted a new investigation that complied with the notice requirements. It was during this second investigation that a factual dispute regarding Sheridan's conference with the student's parents arose. And the second letter does not mention the conference. Sheridan's complaint references and quotes from the superintendent's first letter. But it is the second letter that remains in Sheridan's personnel file.

the district court's opinion carefully and correctly sets out the law governing the issues raised, and clearly articulates the reasons underlying its decision, issuance of a full written opinion by this court would serve no useful purpose. Accordingly, for the reasons stated in the district court's opinion concerning Sheridan's free-speech claim, we **AFFIRM**.